## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEOFFREY L. CLARK and EDGEWOOD PARTNERS INSURANCE CENTER** | : | |
| Plaintiffs | : | CIVIL ACTION NO. 1:19-179 |
| v. | : | (JUDGE MANNION) |
| **BRANCH BANKING & TRUST CO.** | : | |
| Defendant | : | |
| | : | |

## **MEMORANDUM**

Presently before the court are plaintiffs Jeoffrey L. Clark ("Clark") and Edgewood Partners Insurance Center's ("Edgewood") (collectively "plaintiffs") motion for a temporary restraining order (Doc. 7) and motion to take a deposition (Doc. 15). Based on the following, this case shall be **TRANSFERRED** to the United States District Court for the Northern District of Texas.

On January 31, 2019, plaintiffs filed an emergency complaint (Doc. 1) seeking declaratory, injunctive, and monetary relief from defendant Branch Banking & Trust Company ("Branch Bank") for an alleged violation of an employment agreement ("Agreement "). On February 4, 2019, plaintiffs filed a motion for a temporary restraining order. (Doc. 7). On February 5, 2019,

the court held a hearing regarding plaintiffs' emergency complaint and motion. At the hearing, plaintiffs agreed to withdraw their motion while the parties tried to work out several issues amongst themselves. In the event the parties did not resolve their issues, plaintiffs planned to refile their motion, and in that event, the court instructed the parties to brief the issues of personal jurisdiction and venue, as well.

On February 7, 2019, the court approved the parties' stipulation that if no agreement could be reached, they would file their respective briefs no later than February 12, 2019. (Doc. 12). After failing to reach an agreement, on February 12, 2019, plaintiffs submitted a brief in support (Doc. 17), and Branch Bank filed a brief in opposition (Doc. 18) of plaintiffs' motion for a temporary restraining order. In its brief, Branch Bank elected to waive the defense of personal jurisdiction by consent. (Doc. 13, at 3 n.3). Instead, Branch Bank seeks a transfer to the United States District Court for the Northern District of Texas. (Doc. 13, at 3).

Plaintiffs allege that venue is proper in the Middle District of Pennsylvania.

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b) (2018). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in [§1391(b)]. If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C. §1406(a)]. *Atlantic Marine Construction Co. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 56 (2013). Plaintiffs allege that "[t]his lawsuit satisfies [§1391(b)(1)] and (b)(2) . . . based on the cease-and-desist letter sent from Camp Hill, Pennsylvania." (Doc. 17, at 5).

Under 28 U.S.C. §1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The only defendant in this action is Branch Bank, which is a corporation. A corporate defendant "resides" in the state where it is incorporated and, in the state, where its principal place of business is located. *See* 28 U.S.C. §1332(c)(1) (2018). Branch Bank "is a North Carolina corporation with its corporate headquarters in Raleigh, North

Carolina." (Doc. 1, at 2). Thus, the cease-and-desist letter sent from Pennsylvania does not establish the Middle District of Pennsylvania as proper venue under 28 U.S.C. §1391(b)(1). In their brief, plaintiffs intertwine personal jurisdiction and venue throughout their arguments. However, considering Branch Bank has waived the defense of lack of personal jurisdiction and this court has concluded that a proper venue exists under 28 U.S.C. §1391(b)(1), plaintiffs may not utilize personal jurisdiction under 28 U.S.C. §1391(b)(3) in their quest for venue in the Middle District of Pennsylvania.

Similarly, plaintiffs fail to establish that the letter mailed from a Branch Bank office in Pennsylvania satisfies 28 U.S.C. §1391(b)(2). Plaintiffs allege that "[a] 'substantial part' of the events giving rise to this lawsuit also occurred in the Middle District of Pennsylvania;" however, they fail to provide any concrete support for this conclusion. (Doc.17, at 5). Plaintiffs merely reference a case from the Eastern District of Michigan, which is factually distinguishable from this case and not binding on this court. (Doc. 17, at 5) (citing *Apollo Petroleum Solutions, LLC v. Nano Gas Technologies, Inc.*, No. 16-12157, 2016 WL 4988234 (E.D.Mich. Sept. 19, 2016).

At dispute, in this case, is the Agreement, which was entered into by Clark, who is from Texas, and his former employer, who is from Arkansas.

During Clark's employment he "specialized exclusively in the marketing and servicing of commercial insurance to the niche specialty market of charter schools located in the Southwest." (Doc. 1, at 3). After Clark's brokerage operation was transferred to a different corporation, who attempted to alter Clark's commission structure, issues arose. Eventually, Clark left and began working with a different corporation. The names and corporate structure of all the corporations identified in plaintiffs' complaint are of no moment for the venue inquiry herein. That is because there is no corporation in plaintiffs' complaint that is incorporated in or has a principal place of business in Pennsylvania; and there is no discussion in plaintiffs' complaint of any activity that took place in Pennsylvania, which equates to a substantial part of the events that gave rise to this lawsuit. As plaintiffs' counsel admitted at oral argument, this case was only filed in this state and district because a cease-and-desist letter was sent from here. However, the Agreement—not this letter—is the subject of this dispute. As such, the Middle District of Pennsylvania is not a proper venue under 28 U.S.C. §1391(b)(2), and therefore, is an improper venue for this action.

Once a district court determines that it is an improper venue for a case before it, the court must either dismiss the case or transfer it to any district or division where the case could have been brought. 28 U.S.C. §1406(a)

(2018). In light of the emergency designation of this case, as well as, plaintiffs pending motion for a temporary restraining order, the court finds that the interest of justice require this case be transferred rather than dismissed.

Venue is likely proper in a variety of states. However, the court must only concern itself with the Northern District of Texas, as this is the only proper venue requested by either party to this lawsuit. (Doc. 18, at 1). This case stems from Clark's alleged breach of the Agreement with his previous employer when several of his customers went with him to his new employer. (Doc. 13, at 2). The parties dispute whether Clark lived and worked in Texas or Arkansas during his first job at issue, but they agree that Clark was living and working in Dallas, Texas since at least 2014. (Doc. 17, at 7). Also, plaintiffs admit that some of Clark's customers were from Dallas, San Antonio, Houston, and other areas of Texas. At oral argument, Branch Bank's counsel stated that nearly all of the discovery and individuals related to this case are in the Northern District of Texas. These facts constitute a substantial part of the events giving rise to this claim, and therefore, establish the Northern District of Texas as a proper venue for this action.

Based on the foregoing, this case will be **TRANSFERRED** to the United States District Court for the Northern District of Texas. In light of the impending transfer, this court will not decide any further substantive matters including plaintiffs' pending motions, as they must be addressed by a court identified as a proper venue for this action. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 11, 2019**
O:\MANNION\SHARED\MEMORANDA - DJ\CIVIL MEMORANDA\2019 MEMORANDA\19-179-01.DOCX